# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES | ) | |
| v. | ) | |
| DARELL RENEED SELLERS | ) | 2:05-CR-238-RBP-JEO |
| | ) | |

### MEMORANDUM OF DECISION REGARDING ORDER DENYING
### MOTION TO REDUCE TERM OF IMPRISONMENT

The movant, acting pro se, filed a motion for reduction of term of imprisonment (doc. # 46) and a memorandum in support of the motion (doc. # 47) on March 17, 2008, requesting that this court modify or reduce his sentence pursuant to 18 U.S.C. § 3582 which became effective on November 1, 2007.  For the reasons stated herein, the court concludes that the motion for reduction of sentence should be **DENIED**, and a separate order to that effect will be entered.

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987.  One of these amendments, #706, represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses.  In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

All of the proposed amendments, including the Crack Amendment, became effective on November 1, 2007.[1]  Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the Crack Amendment retroactive.  The effective date for retroactive application of the Crack Amendment became March 3, 2008.  The U.S.S.C. also amended Guideline § 1B1.10 to include the Crack Amendment (hereinafter referred to as "the amended

---

[1] At this point, none of the amendments had any retroactive effect.

1

policy statement"). As such, as of March 3, 2008, the Crack Amendment and amended policy statement apply to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the current motion (Doc. #46) of Darell Reneed Sellersto modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). The motion seeks the benefit of the Crack Amendment and the amended policy statement.

The focus of the § 3582(c)(2) motion is the 120-month sentence[2] imposed upon movant under Count One.[3] Movant pleaded guilty to the charge and was sentenced to a custodial term of 156 months on March 24, 2006, with the sentence reduced to 120 months on July 17, 2007.

The following chart sets forth the application of the crack amendment to the instant case:

|  | **Original Sentence** | **Retroactive Sentence Adjustment** |
|---|---|---|
| **Total Offense Level** | 29 | 27 |
| **Criminal History Category** | III | III |
| **Imprisonment Range** | 240 months (statutory minimum with 21 U.S.C. 841(b)(1)(A) & §851 Information) | 240 months (statutory minimum with §851 Information) |
| **Departure & Rule 35** | U.S.S.G. 5K1.1 & 18 U.S.C. 3553(e) Rule 35 |  |
| **Sentence Imposed** | 156 months 3/24/2006<br>120 months 7/17/2007 |  |
| **Projected Release Date** | July 11, 2015 |  |

---

[2] The government filed a motion for departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), making it possible for the court to sentence movant below the statutory minimum sentence of not less than 20 years or 240 months (Count One).

[3] Movant was initially sentenced to 156 months based on a departure motion. The sentence was later reduced to 120 months after the government filed a Rule 35 motion for reduction in sentence.

A review of the sentencing issues now confronting this court includes, but is not limited to, the following:

1. the movant originally faced a sentence of 240 months (20 years);

2. based on his cooperation, the government filed a motion for departure and recommended a sentence of 156 months, representing a 35% reduction in sentence;

3. the court, after considering the degree of movant's cooperation, the factors at U.S.S.G. §5K1.1, and the sentencing factors at 18 U.S.C. § 3553(a),[4] concluded that a combined sentence of 156 months was sufficient but not greater than necessary;

4. the court found that the appropriate guideline range was 151-188 months and sentenced movant within that range[5];

5. with application of the crack amendment to the facts of this case, the offense level becomes 27, however, the starting point for the court's consideration of the departure motion, i.e. 240 months on count one, remains the same, and;

6. with a comparable reduction in the sentence based on the government's motion for downward departure, and the later Rule 35 motion, the court would sentence the movant to the same amount of time.

Pursuant to U.S.S.G § 1B1.10, this court finds that the movant is not eligible for consideration for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). [6]

A separate order will be entered denying the motion. Movant's attention is directed to the "Notice Concerning Appeals" set out below.

---

[4]The court sentenced movant after considering the Sentencing guidelines as advisory pursuant to *United States v. Booker*, 125 S.Ct. 738(2005).

[5]Although the J&C does not reflect that the court stated specifically the offense level to which he departed, the range of 151-188 is found at Offense Level 32 with a Criminal History Category of III. Therefore, the court sentenced movant in a range still higher than the offense level computed in the presentence report and adopted by the court, i.e. level 29, CHC III.

[6]U.S.S.G. § 1B1.10(a)(2)(B) states as follows: <u>Exclusions</u>. –A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if–... (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

## NOTICE CONCERNING APPEALS

A § 3582(c)(2) motion is a continuation of the criminal proceeding; therefore, a notice of appeal must be filed within ten days from the entry of the judgment or order being appealed. *See*, *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir.2003); *United States v. Starks,* 2008 WL 351386 (11th Cir. 2008); *Fed. R.App. P.* 4(b)(1)(A)(i).  If defendant was represented by appointed counsel at trial or on appeal, defendant is not required to file a new application to proceed *in forma pauperis* on appeal from the denial of the § 3582(c)(2) motion. If defendant was represented by retained counsel at trial or on direct appeal but believes he is now unable to afford counsel, defendant should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when he files notice of appeal from the denial of the § 3582(c)(2) motion.  The Clerk is DIRECTED to provide defendant with an application to proceed *in forma pauperis* form

DONE  this 2nd  Day of June 2008.

_____
                        **ROBERT B. PROPST**
            **SENIOR UNITED STATES DISTRICT JUDGE**